UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIZZY WELLS,

          Plaintiff,

v.                                      Case No. 16-cv-1680-pp

BARRY PHILLIPS, et al.,

          Defendants.

**DECISION AND ORDER GRANTING THE PLAINTIFF'S
MOTION TO PROCEED WITHOUT PAYING THE FILING FEE (DKT. NO. 2),
DENYING THE MOTION TO SUPPLEMENT CLAIM (DKT. No. 4), SCREENING
THE PLAINTIFF'S COMPLAINT (DKT. NO. 1), AND REQUIRING PLAINTIFF
TO FILE AN AMENDED COMPLAINT**

The plaintiff, a state inmate who is representing himself, filed this lawsuit under 42 U.S.C. §1983, dkt. no. 1, along with a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2. The plaintiff also filed a motion to supplement the claim in his complaint. Dkt. No. 4. This order resolves the motions and screens the complaint.

I.    <u>Motion for Leave to Proceed without Prepayment of the Filing Fee</u>

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b).

1

On January 9, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $11.33. Dkt. No. 7. The plaintiff paid a partial fee of $11.30 on January 19, 2017; he has since paid an additional $13.53. The court will require the plaintiff to pay the remainder of the filing fee over time as set forth at the end of this decision.

II.     Motion to Supplement Claim

The plaintiff filed a motion, indicating that he'd discovered that Court Commissioner Barry Phillips did not make a record of binding the defendant over for trial on the three counts in the state-court complaint. Dkt. No. 4 at 1-2. He argues that this failure deprived the Milwaukee County Circuit Court of jurisdiction over him, and he seeks to add this to his complaint. Id. at 2.

Fed. R. Civ. P. 15(d) gives the court the authority to allow a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." (Emphasis added.) Here, the allegations in the plaintiff's supplement occurred *before* he filed his complaint, so the court will deny the plaintiff's motion because his proposed supplement does not satisfy the requirements of Fed. R. Civ. P. 15(d).

Although the court is denying the plaintiff's motion on procedural grounds, it nonetheless addresses his request below, because the court is going to allow the plaintiff the opportunity to amend his complaint.

III.  Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint, or part of it, if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

The plaintiff has sued various defendants, including police officers who arrested him, the victim of the crime for which he was convicted, a circuit court commissioner, district attorneys and the Milwaukee County Sheriff. The plaintiff claims that, after he was "illegally arrested," the court commissioner held a preliminary hearing on December 8, 2015, and "no probable cause was found on 'any counts.'" Dkt. No. 1 at 2-3. The plaintiff alleges that, even though the court commissioner did not make a finding of probable cause, the defendants have conspired to unlawfully confine him to this day.

The plaintiff identifies the case in which the December 8th preliminary hearing was held as Milwaukee County Case No. 2015CF5118. A review of the court records in that case reveals that a preliminary hearing did take place on December 8, 2015; contrary to the plaintiff's allegations, however, the docket entries reveal that the court commissioner *did* find that probable cause existed. See https://wcca.wicourts.gov, Case No. 2015CF5118, Dkt. No. 64 ("Defense motion to dismiss argued and denied. Court found probable cause and bound defendant over for trial.") The docket notes further indicate that the defendant was bound over for trial. Id. A jury found the plaintiff guilty of all counts on December 7, 2016. Id. at Dkt. No. 7.

Based on the state court docket, the plaintiff's contention that the court commissioner found there was no probable cause to bind him over for trial, and did not do so, is "clearly baseless." That said, because the court is relying on Milwaukee County court records that the plaintiff did not include with his complaint, the court will give the plaintiff the opportunity to amend his complaint to demonstrate, if he can, that the state docket is not correct.

The plaintiff may file an amended complaint *if* he can plead sufficient facts, plausible on their face, to allow the court to draw the reasonable inference that the court commissioner did not find probable cause and/or bind the plaintiff over for trial. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In light of the Milwaukee County court records (which the court will include with this decision for the plaintiff's convenience), the plaintiff's legal conclusion that the defendants violated his right to due process is not entitled to the

4

assumption of truth. See Iqbal, 556 U.S. at 679. The court will allow the plaintiff to proceed on such a claim *only* if he can support that conclusion with well-pleaded factual allegations, see id., that account for the apparent contradictory court records.

If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive the complaint by **September 29, 2017**. If the plaintiff does not want to file an amended complaint, no further action is necessary. If the court does not receive an amended complaint from the plaintiff by the deadline, the court will assume that he no longer wishes to pursue the case, and it will dismiss the case under Local Civil Rule 41(c).

If the plaintiff chooses to file an amended complaint, the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint takes the place of the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted). If the plaintiff files an amended complaint, the court will screen it under 28 U.S.C. §1915A.

IV.  Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from the plaintiff's prisoner trust account the $325.17 balance of the filing fee by collecting monthly payments from the plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). Please identify the payments by the case name and number assigned to this action.

The court **DENIES** the plaintiff's motion to supplement his statement of claim. Dkt. No. 4.

The court **ORDERS** that the plaintiff may file an amended complaint as long as he does so in time for the court to receive it on or before **September 29, 2017**. If the court does not receive an amended complaint by the deadline, the court will dismiss the plaintiff's complaint pursuant to Civil Local Rule 41(c).

The court will send a copy of this order to Kettle Moraine Correctional Institution.

Along with this decision, the court will send the plaintiff a copy of the court docket for State of Wisconsin v. Wells, Milwaukee County Case No. 2015CF5118.

The court further **ORDERS** the plaintiff to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case.

The court further advises the plaintiff that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 29th day of August, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**