UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

DIZZY D. WELLS, JR.,

                Plaintiff,

v.                                            Case No. 16-cv-1680-pp

WEND MILLER, *et al.*,

                Defendants.

___

**ORDER CONSTRUING THE PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT AS A MOTION TO REOPEN THE CASE (DKT. NO. 13), GRANTING THAT MOTION, AND GIVING THE PLAINTIFF ONE FINAL DEADLINE BY WHICH TO FILE AN AMENDED COMPLAINT**

___

On August 29, 2017, the court gave the plaintiff the opportunity to file an amended complaint. Dkt. No. 8. At the plaintiff's request, the court extended his deadline to do so, and required him to file his amended complaint by the end of the day on November 1, 2017. Dkt. No. 10. In that order, the court explained to the plaintiff that, if he did not file an amended complaint by the November 1 deadline, the court would dismiss his case without prejudice based on his failure to diligently prosecute it. Id.

The plaintiff did not file an amended complaint, so about three weeks after the deadline, the court dismissed the case without prejudice. Dkt. No. 11. A couple of weeks later, the plaintiff filed a motion asking for another extension of time to file an amended complaint. Dkt. No. 13. The plaintiff explained that he had failed to meet the court's original deadline because of limited access to

1

the law library, because the computers were down, and because he lacked funds to make copies. Id. The plaintiff explained that he could not afford another filing fee, so he would prefer not to open a new case. Id.

The court construes the plaintiff's motion as a motion to re-open his case. The court is hesitant to grant this request; the court already has given the plaintiff more than enough time to file an amended complaint. The plaintiff made no effort to contact the court before the November 1 deadline and explain why he was unable to file an amended complaint. The plaintiff now cites computer problems, but the plaintiff does explain how long the computers were down, or why he could not handwrite his complaint. The plaintiff also asserts that his access to the law library was limited, but because a complaint is supposed to contain only a short, plain statement of what happened, there is no reason why the plaintiff needed to use the law library to file one.

Finally, the plaintiff did not include his proposed amended complaint with the motion, so it is impossible for the court to determine whether it would be futile to re-open the case. In other words, if the plaintiff's amended complaint fails to state a claim, or is frivolous or malicious, it would be pointless to re-open the case because the court would not allow the plaintiff to proceed on any claims.

The court will grant the plaintiff's motion to reopen the case, and will require the plaintiff to file a proposed amended complaint. *If* the plaintiff files the proposed amended complaint by the deadline set below, the court will review it, and decide whether to allow the case to remain open. Let the court be

clear, however: If the plaintiff wants to proceed with this case, he **must** file the amended complaint by the deadline below. The court **will not** grant any further extensions of time. And even if the plaintiff files his amended complaint by the deadline, the court will not allow him to proceed unless that complaint states a claim for which a federal court can grant relief.

The court **GRANTS** the plaintiff's motion to reopen his case. Dkt. No. 13. The court **ORDERS** that the plaintiff shall filed his proposed amended complaint in time for the court to receive it by the end of the day on **Friday, February 23, 2018**. If the court does not receive the plaintiff's proposed amended complaint by the end of the day on **Friday, February 23, 2018**, the court will dismiss the reopened case for failure to prosecute.

Dated in Milwaukee, Wisconsin this 22nd day of January, 2018.

> BY THE COURT:
>
> _____
> **HON. PAMELA PEPPER**
> **United States District Judge**