UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DIZZY D. WELLS, JR.,

                Plaintiff,

v.                                       Case No. 16-cv-1680-pp

WEND MILLER and
RICHARD R. SCHMIDT,

                Defendants.

---

## DECISION AND ORDER SCREENING PLAINTIFF'S AMENDED COMPLAINT (DKT. NO. 9) AND DISMISSING CASE

---

The plaintiff, who is representing himself, is an inmate at Kettle Moraine Correctional Institution. More than a year ago, he filed a complaint under 42 U.S.C. §1983, alleging that his constitutional rights had been violated. Dkt. No. 1. After identifying problems in his original complaint, the court gave him the opportunity to file an amended complaint. Dkt. No. 8. The plaintiff did not file an amended complaint by the deadline, so the court dismissed the case without prejudice. Dkt. No. 11. The plaintiff then asked the court to re-open his case so he could file an amended complaint, dkt. no. 13; the court granted the plaintiff's motion, dkt. no. 14. The plaintiff filed an amended complaint on February 17, 2018. Dkt. No. 15. The court will screen the plaintiff's amended complaint as required by 28 U.S.C. §1915A(a).

## I. Screening the Plaintiff's Complaint

### A. *Federal Screening Standard*

The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B. *The Plaintiff's Allegations*

The plaintiff explains that before he was "turned over" to the Milwaukee County Sheriff's Department, he was in the custody of the Milwaukee City Police Department (MPD). Dkt. No. 15 at 1. According to the plaintiff, the MPD "failed to comply with the rules and procedures outlining the proper way to book inmates into the CIB, NCIC, and Information data base, in order to place a footprint of the plaintiff's whereabouts while in the MPD's custody." Id. The plaintiff alleges that, because he never was properly booked into the MPD's custody, the Sheriff's Department lacked jurisdiction to process him and keep him at the Milwaukee County Jail. Id. at 2. The plaintiff alleges that, as a result, his stay at the jail violated the Fourth Amendment. Id.

The plaintiff explains that the MPD's booking policy requires its officers to get a prisoner's fingerprints and take a current booking photograph, neither of which occurred. Id. The plaintiff also alleges that he was not told of the charges pending against him until he was turned over to the Sheriff's Department for county booking. Id. The plaintiff explains that the MPD's procedure for arrests required the MPD to tell him why he was being arrested. Id.

The plaintiff states that, subsequently, he was charged with violating Wis. Stat. §940.23(1) (reckless injury), §940.30 (false imprisonment) and §940.07(1) (homicide resulting from negligent control of vicious animal). Id. at 2-3.

3

Finally, the plaintiff alleges that, while he was in the custody of the MPD and the Sheriff's Department, he was denied access to "Notary Services" in order to authenticate legal documents. Id. at 3. The plaintiff asserts that this denial violated Wis. Stat. §782.04(4). Id.

C. *The Court's Analysis*

The court will dismiss the plaintiff's complaint because "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Before getting to the substance of the plaintiff's allegations, the court notes that the plaintiff has named two defendants in the amended complaint—"Wend Miller" and "Richard R. Schmidt, Sheriff." Dkt. No. 15 at 1. In the second paragraph of the complaint, he explains that he previously had sued Sheriff David Clarke, but that in this amended complaint, he was replacing Clarke with "acting Sheriff Richard D. Schmidt." Id. He provides no explanation for who Wend Miller might be. Nowhere in the three-page complaint does he allege that David Clarke, or Richard Schmidt, or Wend Miller, did anything to violate his rights or state law. He does not mention them at all, other than to list them as defendants. Instead, throughout the complaint he refers generally to the MPD and the Sheriff's Department.

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters,

4

97 F.3d 987, 991 (7th Cir. 1996) (quoting Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994)). In other words, §1983 does not allow a plaintiff to hold one person liable for another person's misconduct. Nor is there any supervisory liability under §1983—a plaintiff cannot hold a supervisor liable for the misconduct of his or her employees or subordinates. Simply the fact that the plaintiff has not alleged any wrongdoing by Schmidt or Miller requires the court to dismiss the case against these defendants.

Even if the plaintiff *had* identified the people who failed to fingerprint him, or failed to take his photo, or failed to tell him what he was being charged with, the court would not allow him to proceed, because his allegations do not state a claim under the federal Constitution. The plaintiff's primary argument is that the MPD violated his Fourth Amendment rights because someone there failed to follow Wisconsin statutes or the MPD's own policies and procedures for arresting and booking individuals. "But the Constitution does not require compliance with state law." Davis-Clair v. Turck, Case No. 17-2148 (7th Cir. March 13, 2018) (citing Snowden v. Hughes, 321 U.S. 1, 11 (1944); Whitman v. Nesic, 368 F.3d 931, 935 n.1 (7th Cir. 2004)). Instead, the alleged violations of state law must themselves violate the Constitution.

The plaintiff's allegations that the MPD officers failed to fingerprint him, take his picture or enter his information into MPD databases do not give rise to a claim under the Constitution. The Fourth Amendment does not require law enforcement officers to fingerprint people, or to take their photos or to put their information into databases. Similarly, the plaintiff has no constitutional right

5

"to be informed of the reason for his arrest." Kladis v. Brezek, 823 F.2d 1014, 1018 (7th Cir. 1987). Finally, the plaintiff's inability to access "Notary Services" does not violate the Constitution because that denial did not result in a denial of the plaintiff's ability to access the court. See, e.g., Martin v. Davies, 917 F.2d 336, 341 (7th Cir. 1990) (holding that a plaintiff "must plead prejudice to state a claim when challenging minor interferences with access to the courts"). A plaintiff does not need to "authenticate legal documents" in order to file a lawsuit, see Fed. R. Civ. P. 8, and the plaintiff could have filed an unsworn declaration under penalty of perjury if he believed he needed to verify the authenticity of any documents. 28 U.S.C. §1764.

If the plaintiff believes that someone violated his rights under *state* law, he has a remedy—he may sue that person, or those persons, in *state* court. But a federal court presiding over an alleged violation of 42 U.S.C. §1983 considers only whether a particular defendant took a particular action that violated a plaintiff's rights under the federal Constitution. The facts that the plaintiff has alleged do not show such violations.

Because the plaintiff has failed to state a claim for which this court can grant relief under 42 U.S.C. §1983, the court will dismiss the case.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1), because the plaintiff has failed to state a claim upon which relief can be granted.

The clerk of court will enter judgment accordingly, and will document

that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 8th day of May, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**